[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6404
Plaintiff Michael Colandrea appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The parties agreed to waive oral argument on appeal and requested the court to decide the appeal on the basis of memoranda of law previously submitted. The court finds the issues in favor of the defendant commissioner.
On June 27, 1996, officers of the East Haven Police Department arrested the plaintiff, charging him with driving under the influence of alcohol in violation of General Statutes § 14-227a and evading responsibility for an accident in violation of § 14-224. The officers transported the plaintiff to police headquarters. Once there, the police requested that the plaintiff submit to a chemical test of the alcohol content of his blood pursuant to §§ 14-227a and 14-227b. The plaintiff asked permission to call an attorney. The police complied, and, at 10:45 A.M., the plaintiff placed a call to his attorney's office. At that time, he was unable to speak with his attorney. Fifteen minutes later, the plaintiff's attorney telephoned the police station, but the police would not allow her to speak to the plaintiff, stating that he was being "processed." Meanwhile, at 10:59 A.M., the plaintiff signed a statement refusing to submit to the required testing procedure. Thereafter, the plaintiff's attorney arrived at the police station and, at 12:30 P.M., spoke to the plaintiff. Following her advice, the plaintiff indicated he would submit to the test. The police, however, took the position that the plaintiff had refused to be tested and did not agree to administer the test at that time.
The relevant facts summarized above are essentially not disputed by the parties in their briefs to the court and are fully supported by evidence in the record of the administrative proceeding. Following the hearing, the hearing officer rendered a final decision finding that the plaintiff had refused to submit to the test required by § 14-227b and ordering the suspension of his operator's license in accordance with that statute. CT Page 6405
The sole basis of the plaintiff's appeal is his contention that he was not given a meaningful opportunity to consult with an attorney prior to deciding whether to submit to the chemical test. Such opportunity, he contends, is required by §14-227b(c) and the denial by the police renders his refusal to submit to the test a nullity. He argues, further, that since he ultimately agreed to take the test after receiving his attorney's advice, he should not be deemed to have refused.
Our Appellate Court has consistently rejected the argument advanced by the plaintiff in this case that the failure of the police to afford a motorist the opportunity to call an attorney before being requested to submit to a test excuses the motorist's refusal to be tested. See Piorek v. DelPonte, 28 Conn. App. 911
(1992).
In support of his argument that the police unreasonably refused to allow the plaintiff to be tested after he initially rejected the test, the plaintiff cites this court's decision inCusano v. Commissioner (November 25, 1996). In that case, the motorist changed her mind and agreed to take the test just a few minutes after first telling the police that she would not be tested. The police were still actively engaged in processing her arrest and there was no conceivable inconvenience in administering the test. Furthermore, the changed decision came within the two hour time limit for administering the test so that the results would have high evidentiary value in a subsequent criminal prosecution. Based on those and other factors, the court held that it was unreasonable for the police to refuse to acquiesce in the motorist's change of mind and hold her to her initial decision to reject the test.
The circumstances in the present case are markedly different from those in Cusano. Here, the plaintiff changed his mind more than an hour later. The police reasonably determined at that time that the plaintiff had refused to submit to the test within the meaning of § 14-227b. Furthermore, and most significantly, at the time the plaintiff in this case indicated that he would submit to the test, the two hour time period had expired, and the results of the test would have had scant, if any, evidentiary value.
Based on the circumstances summarized above, the court concludes that the police and the hearing officer reasonably CT Page 6406 determined that the plaintiff refused to submit to the required test in violation of § 14-227b.
Such refusal requires suspension of the plaintiff's license.
The appeal is dismissed.
MALONEY, J.